IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., Plaintiffs, v. MOMMY GINA TUNA RESOURCES, KING TUNA INC., and JOAQUIN LU, Defendants. | ) | CIV. NO. 05-00679 BMK |
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., Plaintiffs, v. INTEGRAL SEAFOOD LLC, and CITRA MINA CORPORATION, Defendants. | ) | CIV. NO. 06-00182 BMK |
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., Plaintiffs, v. | ) | CIV. NO. 05-00787 BMK |

RICHARD FRIEND, and )
SEAFRIEND, )
)
Defendants. )
_______________________________ )

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE DEFENDANTS' ESTOPPEL, UNCLEAN HANDS, AND INEQUITABLE CONDUCT IN PROSECUTION OF PATENT DEFENSES

Plaintiffs have moved this Court for partial summary judgment with respect to Defendants' estoppel, unclean hands, and inequitable conduct defenses. This motion was heard on March 23, 2007. After careful consideration of the motion, the arguments of counsel, and the supporting and opposing memoranda, Plaintiffs' motion is hereby GRANTED IN PART and DENIED IN PART. Plaintiffs' motion is GRANTED with respect to the issue of inequitable conduct during prosecution of the patent, but DENIED with respect to the issues of estoppel and unclean hands arising from any of Plaintiffs' alleged post-prosecution actions.

BACKGROUND

Plaintiffs William R. Kowalski ("Kowalski") and his company Hawaii International Seafood, Inc. ("HISI") (collectively, "Plaintiffs") have filed three related actions. The first action is against Defendants Mommy Gina Tuna Resources, Inc., and its president, Joquin Lu in Civil No. 05-670 BMK; the second

is filed against Citra Mina Seafood Corporation and Integral Seafood, LLC in Civil No. 06-182 BMK; the third action names as defendants Richard Friend and Seafriend in Civil No. 05-0787 BMK (collectively, "Defendants"). Plaintiffs have sued Defendants for infringement of a patent issued to Kowalski on October 26, 1999, U.S. Patent No. 5,972,401 ("the Kowalski Patent" or "the '401 patent"). The Kowalski Patent claims a process for smoking fish at extra-low temperature to allow the food to retain its fresh color without imparting the taste of smoke. Plaintiffs allege that Defendants sell or import fish that is smoked according to this patented process. Defendants assert that they treat fish according to the methods claimed in a different patent, U.S. Patent No. 5,484,619, issued to Kanemitsu Yamaoka on January 16, 1996 ("the '619 patent" or "the Yamaoka Patent"), and that they do not infringe on the Kowalski Patent.

Defendants asserted a number of identical defenses in answering Plaintiffs' complaints. Plaintiffs now move this court to strike some of those defenses; namely, defenses five, seven, eight, and ten in all three of the actions at issue here.

Defendants' Fifth Defense states: "In view of the state of the prior art and the language of the claims of the '401 patent, Plaintiffs are estopped from

maintaining that the claims of the patent have such scope as to cover and embrace any product that Defendants made, used, or sold."

Defendants' Seventh Defense states: "The '401 patent is unenforceable against Defendants by reason of unclean hands and inequitable conduct on Plaintiffs' part."

Defendants' Eighth Defense states: "The '401 patent is unenforceable by reason of misuse of the '401 patent by Plaintiffs and their agents, attorneys, predecessors in interest, and those in privity with Plaintiffs, by their inequitable conduct in the prosecution of the patent and by their discriminatory and anti-competitive licensing and attempts to license the patent following issuance."

Defendants' Tenth Defense states: "The '401 patent is unenforceable against Defendants under the doctrine of estoppel."

## LEGAL STANDARD

Motions for summary judgment are only granted when the court determines that there is no genuine issue of material fact, and that the undisputed facts warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving

party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223 (9th Cir. 2000).

The court's function in deciding a motion for summary judgment is not to try issues of fact, but to determine whether there are any issues to be tried. Anderson, 477 U.S. at 249. If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987) (summary judgment must be denied if a rational trier of fact might resolve the issue in favor of the non-moving party).

The party moving for summary judgment bears the initial burden of showing "an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 324. While this is not a heavy burden where the movant does not bear the burden of proof at trial, "[i]t is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion . . . ." Id. at 328 (White, J., concurring). Once this initial showing is made by the movant, the burden then shifts to the nonmovant to demonstrate the existence of a genuine dispute. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

Where the nonmoving party "cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken . . ." Fed. R. Civ P. 56(f). Rule 56(f) "provides a device for litigants to avoid summary judgment when they have not had time to develop affirmative evidence." United States v. Kitsap Physicians Servs., 314 F.3d 995, 1000 (2002). Rule 56(f) continuances may be denied where there has been a "failure to conduct discovery diligently," Pfingston v. Ronan Eng. Co., 284 F.3d 999, 1005 (9th Cir. 2002). Rule 56 continuances may also be denied where the requesting party has not stated in an affidavit (1) "the specific facts that they hope to elicit from further discovery," (2) that the facts they seek exist, and (3) that the "sought-after facts are 'essential' to resist the summary judgment motion." State of California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).

DISCUSSION

The four defenses Plaintiffs have targeted in their motion for partial summary judgment involve two distinct types of issues: (1) inequitable conduct and unclean hands during the prosecution of the patent, and (2) unclean hands and estoppel based on post-prosecution conduct. Some of the four defenses invoke

both of these types of issues; some defenses invoke just one type or the other. The Court GRANTS Plaintiffs' motion with respect to the issue of inequitable conduct during prosecution, but DENIES Plaintiffs' motion with respect to the post-prosecution issues of unclean hands and estoppel.

## I. INEQUITABLE CONDUCT IN PROSECUTING THE KOWALSKI PATENT

As their Seventh Defense, and as part of their Eighth Defense, Defendants assert that the Kowalski Patent cannot be enforced against them by reason of Plaintiffs' inequitable conduct in the prosecution of the Kowalski patent. The Court finds that there are no material facts in dispute and that as a matter of law, Defendants cannot prevent the Kowalski Patent's enforcement based on Plaintiffs' conduct in prosecuting that patent.

Inequitable conduct in the prosecution of a patent before the United States Patent and Trademark Office ("USPTO") renders the patent unenforceable where it is proved by clear and convincing evidence that there are (1) material misrepresentations, omissions, or a false submission of information, and (2) the intent to deceive. Impax Labs., Inc. v. Aventis Pharmaceuticals, Inc., 468 F.3d 1366 (Fed. Cir. 2006); Fiskars, Inc. v. Hunt Mfg. Co., 221 F.3d 1318,1326 (Fed. Cir. 2000); J.P Stevens & Co. v. Lex Tex Ltd., 747 F.2d 1553, 1559 (Fed. Cir.

1984). Information omitted or misrepresented is material when "(1) It establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or (2) It refutes, or is inconsistent with, a position the applicant takes in: (i) Opposing an argument of unpatentability relied on by the Office or (ii) Asserting an argument of patentatbility." Impax Labs., Inc., 468 F.3d at 1374.

Statements to the USPTO are not considered "material information" when they are legal arguments or are made to explicitly distinguish prior art. See Azko N.V. v. U.S. Int'l Trade Comm., 808 F.2d 1471, 1481-82 ("The mere fact that Du Pont attempted to distinguish the Blades process from the prior art does not constitute a material omission or misrepresentation. The examiner was free to reach his own conclusion regarding the Blades process based on the art in front of him."); Envrion Prods., Inc. v. Total Containment, Inc., 951 F.Supp. 57 (E.D.Pa. 1996) (finding that the interpretation of statutory provisions was a legal argument, not the misrepresentation of material information).

In support of their inequitable conduct defense, Defendants point to a number of specific instances which they allege constitute omissions or misrepresentations of material information. These alleged misrepresentations and

omissions fall into four categories (1) statements Plaintiffs made or failed to make about the nature of the Yamaoka patent; (2) statements Plaintiffs made or failed to make about other prior art during the prosecution of their patent; (3) Plaintiffs' failure to update their patent application with their GRAS notification summary, and (4) Plaintiffs' failure to disclose the Yamaoka machine as the best mode of practicing the Kowalski method. None of these alleged omissions or misrepresentations, however, provide any grounds on which Defendants might prevail at trial.

A. Statements and Omissions Regarding the Yamaoka Patent

First, Defendants allege that in prosecuting the Kowalski Patent, Plaintiffs made numerous misrepresentations and omissions regarding the nature of the Yamaoka patent. These alleged misrepresentations and omissions include: Plaintiffs' statements to the USPTO in their 1998 Petition to Make Special that the Yamaoka patent "does not meet the limitation of reducing substantially all taste imparting particulates and vapors below recognition thresholds for odor and taste," (Defs.' Mem. Supp. Mot. 7 (quoting Pl.'s Ex. 4, at K000249)); Plaintiffs' representations that the Yamaoka '619 patent is 'directed to imparting smoke taste and smell' and 'teaches against the use of tasteless smoke,'" (Defs.' Mem. Opp. 7

(quoting Defs.’ Ex. 2, at 8)); Plaintiffs’ representations that “Yamaoka is not directed to preserving the original taste of raw tuna either,’” (Defs.’ Mem. Opp. 8 (quoting Pls.’ Ex. 4, at K000261)); Plaintiffs’ failure to draw the USPTO’s attention to language in the Kowalski patent stating that “the original qualities of the raw tuna [to be] maintained for approximately 2 months, with the tuna suitable for being eaten raw,” (Defs.’ Mem. Opp. 8 (quoting Pls. Ex. 4, at K000262)); Plaintiffs’ quotations of the phrase from Claim 2 of the Yamaoka Patent that the process “imparts” taste to the fish, (Defs.’ Mem. Opp. 7 (citing Defs. Ex. 2)); Plaintiffs’ quotations of that portion of the Yamaoka patent which states that it has a “[t]astiness unique to smoked products,” (Defs.’ Mem. Opp. 9 (quoting Pls.’ Ex. 4)).

The Court finds that these specific statements and omissions made by Plaintiffs regarding the nature of the Yamaoka patent were legal arguments and do not constitute misrepresentations or omissions of material information. It is uncontested that Kowalski disclosed the existence of the Yamaoka Patent to the examiner (Pls.’ Reply Mem. 4), and that the examiner did in fact read the Yamaoka Patent (See Pls.’ Mem. Supp. Mot. 15; Pl.’s Ex. 2 at K000267). Kowalski believed his method was distinguishable from Yamaoka’s method. To argue in support of

his position, he highlighted certain aspects of the Yamaoka patent and quoted particular language from it. He chose not to draw attention to other parts of the Yamaoka patent. Kowalski's statements and omissions were not "information," but arguments about the underlying information which he had disclosed. The examiner was free to evaluate the information on his own and to agree or disagree with Kowalski's arguments about that information.

B. Statements Regarding Other Prior Art

Second, Defendants allege that in addition to misrepresenting the Yamaoka patent, Kowalski misrepresented the nature of other prior art in the prosecution of his patent. Specifically, Defendants allege that Kowalski misrepresented prior art by stating that "[i]n every case prior to this invention the result has been a smoke flavored food." (Defs.' Mem. Opp. 10 (quoting Pls.' Ex. 1).) Defendants do not, however, point to any specific prior art (other than the Yamaoka patent, as discussed above) showing that this statement was a misrepresentation.

C. Failure to Provide USPTO with March 1999 GRAS Notice

Third, Defendants allege that Kowalski's failure to update his patent application by supplying the USPTO with his March 1999 GRAS Notice

constituted an omission of material information.[1] Defendants claim that Plaintiffs' GRAS notice states that "[t]he characteristic properties and intended use of tasteless smoke are . . . substantially equivalent to filtered smoke" and that "[t]asteless smoke is manufactured by subjecting filtered smoke to another filtration step." (Defs.' Mem. Opp. 12-23.)[2] Defendants assert that these statements are material omissions because they are "inconsistent with . . . a position the applicant takes in . . . [a]sserting an argument of patentability," Impax Labs., Inc., 468 F.3d at 1374, namely, that the Kowalski process was new and non-obvious. Plaintiffs counter that the GRAS Notice statements compare only the safety aspects of filtered smoke and tasteless smoke, not the processes by which they are produced.

Here, the Court agrees with Plaintiffs and finds that the GRAS Notice is not inconsistent with the position Plaintiffs took before the USPTO.[3] While

---

[1]"The duty to disclose information . . . does not end when an application is allowed but extends until a patent is granted on that application." (Defs.' Ex. 4 (quoting MPEP, sec. 2001.04).)

[2]The Court is unable to determine whether the March 1999 GRAS Notice actually states what Defendants claim it states. Although Defendants cite to page 10 of the 1999 GRAS Notice (which they have attached as Exhibit 1), this language does not actually appear on page 10. Nonetheless, since Plaintiffs do not contend that the quoted language does not actually appear in the GRAS Notice, we assume that these statements do appear in the March 1999 GRAS Notice.

[3]The Court notes that Judge Ezra made a similar finding on this same issue in Kowalski v. Jana Brands, No. 03-0015 DAE-KSC (D. Haw. May 11, 2005) (order granting plaintiffs'

tasteless smoke may be similar to filtered smoke in terms of food safety, it does not necessarily follow that tasteless smoke or the process for producing it are not new and non-obvious.

D. Disclosing the Best Mode

Fourth, Defendants allege that Plaintiffs failed to identify to the USPTO that the Yamaoka Patent was the best mode of practicing the Kowalski process. Patent applications must "set forth the best mode contemplated by the inventor of carrying out his invention." 35 U.S.C. § 112. Patents may be invalidated for failure to set forth the best mode where (1) the inventor knew of a better mode of practicing his invention, and (2) the inventor concealed that better mode from the public. Chemcast Corp v. Arco Indus. Corps., 913 F.2d 923, 927-28 (Fed. Cir. 1990). The "sole purpose" of this provision is "to restrain inventors from applying for patents while at the same time concealing from the public preferred embodiments of their inventions which they have in fact conceived." Id. at 926.

---

motion for summary judgment as to defendant's inequitable conduct defense) (finding that "[w]hen read in the context of the entire GRAS submission, it is clear that Plaintiffs' statements therein only stand for the proposition that tasteless smoke contains no additional elements not found in conventional smoke, and that tasteless smoke is 0.07 percent lighter in weight than conventional smoke").

While the violation of 35 U.S.C. § 112 renders a patent invalid, the failure to disclose the best mode may also render a patent unenforceable for inequitable conduct. See Consolidated Aluminum Corp. v. Foseco Int'l Ltd., 910 F.2d 804, 808 (Fed. Cir. 1990) ("[b]ecause disclosure of the best mode is statutorily required, failure to disclose the best mode is inherently material and, we believe reaches the minimum level of materiality necessary for a finding of inequitable conduct") (citations omitted).

Here, Defendants allege that Plaintiffs knew but failed to disclose that the best mode of treating fish with tasteless smoke was through the process described in the specifications of the Yamaoka Patent, not through the process described by the specifications of the Kowalski Patent. In the defenses at issue in this motion, however, Defendants allege only that the Kowalski Patent is unenforceable against them, not that it is invalid. Thus, the Court will only address Defendants' best mode argument to the extent that it alleges a specific instance of material misrepresentation to support a finding of inequitable conduct.[4]

Defendants claim that there is a genuine dispute of material fact

[4]Neither the "best mode" defense itself nor the "enablement" defense, raised by Defendants for the first time at the hearing on this motion, are properly before the Court at this time.

regarding Plaintiffs' knowledge of the effectiveness of the Kowalski process, as compared to the Yamaoka process. In support of their position, Defendants offer the affidavit of Roberto Asetre. Asetre declares that he constructed machines according to the specifications of the Kowalski patent, but that those machines did not generate smoke as effectively as machines constructed according to the Yamaoka patent.[5] Defendants argue that based on this evidence, it would be possible to find that Plaintiffs failed to disclose the best mode for producing tasteless smoke. They argue that evidence of the Kowalski process's inferiority to the already-patented Yamaoka process tends to show that Plaintiffs concealed the best mode of producing tatsteless smoke.

The Court disagrees. Accepting Aestre's findings as true for the purposes of summary judgment, Defendants' evidence does not tend to show that Plaintiffs knew that the Yamaoka process was more efficient at the time they prosecuted the Kowalski patent, or that they concealed that knowledge from the USPTO. Plaintiffs' evidence does demonstrate a genuine issue of material fact regarding which process is the best mode of treating fish with tasteless smoke; it

---

[5]Central to this defense is Defendants' long-held assertion that tasteless smoke, identical to that which is produced through the Kowalski patent, can also be produced through the Yamaoka patent.

does not, however, show a genuine issue of material fact with respect to any material misrepresentations or omissions by Plaintiffs.[6]

Recognizing that the Aestre declaration might not suffice to support their best mode arguments, Defendants request additional time to conduct discovery under Rule 56(f) of the Federal Rules of Civil Procedure. Specifically, Defendants seek to depose Kowalski and Plaintiffs' counsel, Martin Hsia.

The Court hereby DENIES Defendants' request for a Rule 56(f) continuance. Defendants have not met the Ninth Circuit's requirement of "showing *by affidavit* that the continuance is needed to obtain facts essential to preclude summary judgment," State of California v. Campbell, 138 F.3d at 779 (emphasis added). Partial summary judgment is hereby GRANTED in favor of Plaintiffs with respect to any defenses involving allegations of Plaintiffs' inequitable conduct or unclean hands in prosecuting the Kowalski Patent.

---

[6]The Court notes that even if Plaintiffs had produced facts tending to show that Plaintiffs believed the Yamaoka process to be the best mode, it may be the case that as a matter of law, they did not conceal that knowledge because it was contained in another already-issued patent. See Brooktree Corp. v. Adv. Micro Devices, Inc., 977 F.2d 1555, 1575 (Fed. Cir. 1992) ("Invalidity for violation of the best mode requires intentional concealment of a better mode than was disclosed. That which is included in an issued patent is, *ipso facto,* not concealed.") (citations omitted).

## II. MISUSE, UNCLEAN HANDS, AND ESTOPPEL

In addition to Plaintiffs' allegedly inequitable conduct in prosecuting the Kowalski Patent, Defendants also contend that Plaintiffs misused the Kowalski Patent after it was issued, making it unenforceable against Defendants. As part of their Eighth Defense, Defendants argue that the Kowalski patent is unenforceable "by reason of misuse of the '401 patent by Plaintiffs and their agents, attorneys, predecessors in interest, and those in privity with Plaintiffs," and more specifically, "by their discriminatory and anti-competitive licensing and attempts to license the patent following issuance." Similarly, Defendants' Tenth Defense states that "[t]he '401 patent is unenforceable against Defendants under the doctrine of estoppel," and their Fifth Defense states more particularly that "[i]n view of the state of the prior art and the language of the claims of the '401 patent, Plaintiffs are estopped from maintaining that the claims of the patent have such scope as to cover and embrace any product that Defendants made, used, or sold."

Plaintiffs seek summary judgment with respect to all of these defenses, but fail to meet their initial burden of showing the absence of a genuine issue of material fact. It is only in Plaintiffs' Reply Memorandum that they point to that portion of the record which shows the absence of a genuine issue of material

facts, namely, Defendants' interrogatory responses which fail to support or substantiate these defenses. Plaintiffs did not make this showing in their initial memorandum in support of their motion, however, and so Defendants were given no opportunity to carry their burden of showing a genuine issue of material fact. Even where the movant does not bear the burden of proof at trial, "[i]t is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion . . . ." Celotex, 477 U.S. at 328 (White, J., concurring). Plaintiffs' motion for partial summary judgment is hereby DENIED with respect to Defendants' post-prosecution defenses of unclean hands, misuse, and estoppel.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion is hereby GRANTED IN PART and DENIED IN PART. Plaintiffs' motion is GRANTED with respect to the issue of inequitable conduct during prosecution of the patent, but DENIED with respect to the defenses based on Plaintiffs' post-prosecution conduct.

IT IS SO ORDERED.




/s/ Barry M. Kurren
United States Magistrate Judge
Dated: April 12, 2007

Kowalski v. Mommy Gina Tuna Resources, et al., Civ. No. 05-00679 BMK; Kowalski v. Integral Seafood LLC; Civ. No. 06-00182 BMK; Kowalski v. Friend; Civ. No. 05-00787 BMK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE DEFENDANTS' ESTOPPEL, UNCLEAN HANDS, AND INEQUITABLE CONDUCT IN PROSECUTION OF PATENT DEFENSES.