IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | ) ) ) ) | CIV. NO. 05-00679 BMK<br>CIV. NO. 06-00182 BMK<br>CIV. NO. 05-00787 BMK |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER DENYING DEFENDANTS' MOTION TO |
| MOMMY GINA TUNA RESOURCES, KING TUNA INC., JOAQUIN LU, and INTEGRAL SEAFOOD LLC, | ) ) ) ) ) | DISMISS FOR FAILURE TO JOIN LEO SANDAU AS AN INDISPENSABLE PARTY |
| Defendants.<br>_____ | ) ) ) | |
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CITRA MINA SEAFOOD CORPORATION, | ) ) ) | |
| Defendants.<br>_____ | ) ) ) | |
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | ) ) ) ) | |
| Plaintiffs, | ) | |

|              |   |
|---|---|
| v. | ) |
|  | ) |
| RICHARD FRIEND, and | ) |
| SEAFRIEND, | ) |
|  | ) |
| Defendants. | ) |
| _____ | ) |

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO JOIN LEO SANDAU AS AN INDISPENSABLE PARTY

Plaintiffs William R. Kowalski ("Kowalski") and Hawaii International Seafood, Inc. ("HISI") allege that Defendants Mommy Gina Tuna Resources, King Tuna, Inc., Joaquin Lu, Integral Seafood LLC, Citra Mina Seafood Corporation, Richard Friend, and Seafriend (collectively, "the Defendants") infringed Kowalski's U.S. Patent 5,972,401 ("the Kowalski Patent"). Defendants have now filed a motion to dismiss on the ground that Plaintiffs have failed to join an indispensable and necessary party to the case. This motion was heard on February 29, 2008. After careful consideration of the motion, the opposing and supporting memoranda, and the arguments of counsel, Defendants' motion is hereby DENIED.

### STANDARD OF REVIEW

For motions to dismiss for failure to join an indispensable party, the court must determine "(1) whether an absent party is necessary to the action; and then, (2) if the party is necessary, but cannot be joined, whether the party is

indispensable such that in 'equity and good conscience' the suit should be dismissed." Dawavendewa v. Salt River project Agric. Improvement and Power Dist., 276 F.3d 1150, 1155 (9th Cir. 2002).  An absent party is "necessary" to the action where complete relief cannot be accorded without that party, or where the absent party "claims a legally protected interest in the subject of the suit such that a decision in its absence will (1) impair or impede its ability to protect that interest; or (2) expose [it] to the risk of multiple or inconsistent obligations by reason of that interest." Id.   A necessary party "should be joined if feasible." Disabled Rights Action Committee v. Las Vegas Events, Inc., 375 F.3d 861, 867 n.5 (9th Cir. 2004) (internal quotation marks omitted).

Where it is not feasible to join a necessary party, the court may dismiss the action, if it determines that the absent party is "indispensable" to the case. Dawavendewa, 276 F.3d at 1155; see also Disabled Rights Action Committee, 375 F.3d at 867 n.5 (stating that "'[i]ndispensable' refers to a party whose participation is so important to the resolution of the case that, if the joinder of the party is not feasible, the suit must be dismissed").  A party is indispensable "if in 'equity and good conscience,' the court should not allow the action to proceed in its absence. Id. at 1161.  In determining whether a party is indispensable, courts must balance the following four factors:  (1) the prejudice to any party or the absent party; (2)

whether relief can be shaped to lessen prejudice; (3) whether an adequate remedy, even if not complete, can be awarded without the absent party; and (4) whether there exists an alternative forum." Dawavendewa, 276 F.3d at 1161-62; Fed. R. Civ. P. 19.  When no alternative forum exists, the court must be "extra cautious" about dismissing the suit.  Id. at 1162.

## DISCUSSION

I.  NECESSARY PARTY

Defendants contend that Plaintiffs have failed to join a necessary and indispensable party to the action, namely, a Mr. Leo Sandau ("Sandau"). Defendants claim that Sandau is necessary because he has an ownership interest in the Kowalski Patent, and therefore, the right to sue for infringement of the patent. Defendants fear that if Sandau is not joined as a party to this litigation, they may be subject to additional litigation in the future for the same conduct at issue here.  As a matter of law, Defendants are correct that Sandau would be a necessary party to this litigation if he has the ability to sue them for infringement of the Kowalski Patent. What is disputed is whether Sandau has a sufficient ownership interest in the patent to accord him the ability to sue Defendants.

Defendants argue that Sandau does have a sufficient ownership interest to sue them.  They base their argument on a document filed with the United States

Patent and Trademark Office ("USPTO"), dated October 3, 2000, which describes a "Financing Statement" conveying to Sandau "[a]ll right, title and interest of William R. Kowalski in and to an undivided Twenty-Five Percent (25%) interest in United States Patent 5,972,401."  (Defs. Ex. A.)

Plaintiffs, on the other hand, contend that the language of the USPTO filing notwithstanding, Kowalski never assigned any patent ownership to Sandau. Plaintiffs argue that "[t]he legal effect of the Loan Agreement and Financing Statement is to give Sandau a security interest in a portion of the Kowalski Patent" and that "the 25% ownership share mentioned in . . . the Financing Statement is merely the collateral to secure repayment of the loan."  (Mem. Opp. Mot. 3.)  The Loan Agreement between Sandau and Kowalski supports Plaintiffs' arguments.  It states that "[t]he loan will be secured by a 25% ownership share of your Patents . . . ."  (Pls. Ex. 1, ¶ 2(i).)  While the loan agreement specifically grants certain other rights to Sandau, such as a certain percentage of royalty income, it does not grant an outright ownership interest in the patent itself to Sandau.[1]

This is further supported by the declaration of Leo Sandau, who

---

[1] Defendants also argued at the hearing that only assignments, not security agreements, were properly filed with the USPTO.  This cannot be the case, since the USPTO form which was filed in this instance provides boxes for both "Assignment" and "Security Agreement" that may be checked.  (Defs.' Ex. A, at 2.)  Here, the box marked "Other" was checked, and "Financing Statement" was written in to describe the type of document being filed.  (Defs.' Ex. A, at 2.)

declares under penalty of perjury that the 25% interest in the patents was "collateral to secure repayment of the monies," not an outright assignment. (Pls. Mem. Opp., Sandau Decl. ¶ 2.) Sandau further states: "I do not claim that Mr. Kowalski assigned to me a 25% ownership interest in his patents or that I presently have or in the past ever had a right to sue for infringement of any of Mr. Kowalski's patents." (Pls. Mem. Opp., Sandau Decl. ¶ 2.) Kowalski similarly declares that "25% of my patent is merely pledged as collateral to secure the loan, and 25% ownership (or any percentage of ownership) of my patent has never been transferred to Mr. Sandau." (Pls. Mem. Opp., Kowalski Decl. ¶ 3.)

Defendants argue in response that the language of the loan agreement should be read as an outright assignment, and not a pledge of collateral, because the loan agreement fails to explicitly state that Sandau only receives the right to take a 25% interest in the patent upon default by Kowalski. While not explicit, however, this is implied by the language that "the loan will be secured by . . . ." (Pls. Ex. 1, ¶ 2(i).) Defendants would have the Court ignore the language that is present and focus on the language that is not. The loan agreement, the designation on the USPTO filing that this was a "Financing Statement" rather than an "Assignment," and the declarations of Kowalski and Sandau themselves all demonstrate that Sandau does not presently own any part of the Kowalski Patent.

Defendants additionally argue that even apart from the issue of the 25% interest in the patent, Kowalski has transferred all substantial rights in the patent to Sandau by assigning to him a percentage of his royalty income, the assignment of a percentage of any litigation proceeds, the assignment of a percentage of the proceeds from any sale of the patent, what may be an implied right to intervene in the business of HISI, and the failure to reserve to himself the exclusive right to sue. This is not the case, however. While Kowalski has transferred certain income streams to Sandau, this does not confer to Sandau any ownership interest in the patent itself. Similarly, the fact that Sandau may have some implied right to intervene in HISI's business does not mean that Sandau has any type of ownership interest in the Kowalski Patent, which is owned entirely by Kowalski, not HISI. Finally, Defendants' insistence that Kowalski failed to reserve to himself the exclusive right to sue for infringement once again asks the Court to prioritize what was not agreed to over what was.

Sandau may have the right to sue Kowalski for breach of their agreement, but he has no ownership interest in the Kowalski patent. The 25% interest referred to in the financing statement is a security interest, not a present ownership interest. Neither this collateral, nor the royalty streams and other consideration which Kowalski promised to Sandau gave Sandau ownership of the

Kowalski Patent. Without an ownership interest in the patent itself, Sandau does not now have, nor has he ever had, the right to sue others for infringement of the Kowalski Patent. Defendants need not fear a future infringement suit by Sandau for the conduct at issue in this litigation. Accordingly, Sandau is not a necessary party, and Defendants' motion to dismiss is hereby DENIED.

## II.  INDISPENSABLE PARTY

Even if Sandau were a necessary party, these cases could only be dismissed if Sandau were unable to be joined to the present litigation and also determined to be indispensable. Defendants provide no evidence as to why Sandau could not be joined to this litigation, and indeed, fail to even address this point. They similarly fail to address any of the factors this Court would have to weigh in determining whether Sandau were indispensable even if he could not be joined. Accordingly, even if the Court had found Sandau to be a necessary party, Defendants' motion would still be denied for failing to show why Sandau is an indispensable party that cannot be joined to this litigation.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is hereby DENIED.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: March 3, 2008

Kowalski v. Mommy Gina Tuna Resources, et al., Civ. No. 05-00679 BMK; Kowalski v. Integral Seafood LLC; Civ. No. 06-00182 BMK; Kowalski v. Friend; Civ. No. 05-00787 BMK; ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO JOIN LEO SANDAU AS AN INDISPENSABLE PARTY.