IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI, | ) | Civ. No. 05-00679 BMK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM ORDER RE |
| | ) | CONSENT JURISDICTION |
| vs. | ) | |
| | ) | |
| MOMMY GINA TUNA | ) | |
| RESOURCES, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants . | ) | |
| _____ | ) | |

MEMORANDUM ORDER RE CONSENT JURISDICTION

On October 26, 2005, Plaintiff William R. Kowalski ("Kowalski")

filed a complaint against Defendants Mommy Gina Tuna Resources ("MGTR"),

King Tuna, and Joaquin Lu ("Lu").  King Tuna answered the complaint on March

29, 2006; MGTR and Lu filed an answer on May 26, 2006.  On July 3, 2006, based

on the consent of these four parties, the case was referred to the magistrate judge to

conduct all proceedings and enter final judgment.

On May 4, 2007, the Court granted Kowalski's Rule 25(c) request to

join Integral Seafood LLC ("Integral") as a partial successor in interest to Lu and

MGTR.[1]  The Court subsequently granted, on April 9, 2008, Kowalski's similar

_____

[1]Rule 25 (c) of the Federal Rules of Civil Procedure states:

request to add Mommy Gina Tuna Resources, Inc. ("MGTR, Inc.") and GJ Fresh,

LLC ("GJ Fresh")  as additional partial successors in interest to Lu and MGTR,

and to add Citra Mina Holdings ("CMH") as an additional partial successor in

interest to MGTR.

The Court then raised, *sua sponte*, the question of whether the original

parties' consent to have their case heard by a magistrate judge is binding on the

parties' partial successors in interest that have been joined under Rule 25(c).  At

the Court's request, the parties submitted written briefing on this subject, and their

arguments were heard on July 18, 2008.  After very careful consideration of the

parties written and oral statements, of the case law in this area, and of the

particularities of this litigation, the Court determines that parties joined under Rule

25(c) are bound by the litigation decisions of the transferor entities, including the

decision to consent to have their case heard by a magistrate judge.[2]

The Court recognizes that joining a party under Rule 25(c) ordinarily

---

> If an interest is transferred, the action may be continued by or against the original
> party unless the court, on motion, orders the transferee to be substituted in the
> action or joined with the original party.  The motion must be served as provided
> in Rule 25(a)(3).

[2]The Court  notes that the consent issue affects only one of the three related cases
regarding infringement of the Kowalski Patent currently pending before it, namely, Civ. No. 05-
00679 BMK.

"does not disturb the district court's jurisdiction." <u>Minnesota Mining & Mfg. Co.</u>

<u>v. Eco Chem, Inc.</u>, 757 F.2d 1256, 1264 (Fed. Cir. 1985) (holding that the court did

not need personal jurisdiction over successors in interest to join them to the

litigation under Rule 25(c) because "[t]he very process of substitution or joinder of

successors in interest . . . demands that the court have jurisdiction over the new

parties if they have had, as in this case, notice and opportunity to challenge their

joinder or substitution"); <u>see also</u> <u>Television Reception Corp. v. Dunbar</u>, 426 F.2d

174, 178 (6th Cir. 1970) (finding that a non-diverse party joined under Rule 25(c)

did not destroy diversity jurisdiction).

The principle that a Rule 25(c) successor in interest "takes the case as

he finds it" has been extended by other courts to include the consent of the original

transferor to the exercise of jurisdiction by a magistrate judge. <u>Brook, Weiner,</u>

<u>Sered, Kreger & Weinberg v. Coreq</u>, 53 F.3d 851 (7th Cir. 1995) (holding that a

successor in interest substituted for the original party under Rule 25(c) was bound

by the consent of the transferor). As the <u>Coreq</u> court points out, "[a]ny other

approach would make a shambles of litigation; a party could sell its interest

or change its internal structure . . . and require the court to start the case from

scratch." Coreq, 53 F.3d at 852.

Applying the guidance from the Federal Circuit in Minnesota Mining

& Mfg. Co. and the policy rationale of Coreq to these particular circumstances, the

Court finds that the consents of MGTR and Lu are binding on Integral, MGTR,

Inc., GJ Fresh, and CMH as their successors in interest.  These parties were given

the opportunity to oppose their joinder under Rule 25 (c); all of them either chose

not to oppose this joinder or did not prevail in their opposition.  Accordingly, they

are subject to the magistrate judge's jurisdiction in this case, to the extent that the

magistrate judge has jurisdiction over the transferor entities to whose interests they

have succeeded, in whole or in part.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: July 31, 2008

Kowalski v. Mommy Gina Tuna Resources, et al., Civ. No. 05-00679 BMK;
MEMORANDUM ORDER RE CONSENT JURISDICTION.