IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI | ) | CIV. NO. 05-00679 BMK |
| | ) | CIV. NO. 06-00182 BMK |
| Plaintiff, | ) | CIV. NO. 05-00787 BMK |
| | ) | |
| v. | ) | |
| | ) | ORDER GRANTING |
| MOMMY GINA TUNA | ) | DEFENDANTS' MOTION FOR |
| RESOURCES, KING TUNA INC., | ) | PARTIAL SUMMARY |
| and JOAQUIN LU, | ) | JUDGMENT RE BURDEN OF |
| | ) | PROOF UNDER 35 U.S.C. § 295 |
| Defendants. | ) | |
| _____ | ) | |
| WILLIAM R. KOWALSKI and | ) | |
| HAWAII INTERNATIONAL | ) | |
| SEAFOOD, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITRA MINA CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| WILLIAM R. KOWALSKI and | ) | |
| HAWAII INTERNATIONAL | ) | |
| SEAFOOD, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| RICHARD FRIEND, and | ) | |
| SEAFRIEND, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE BURDEN OF PROOF UNDER 35 U.S.C. § 295

Now before the Court is a motion for partial summary judgment filed by Defendants Mommy Gina Tuna Resources, King Tuna, Inc., Joaquin Lu, Citra Mina Seafood Corporation, Richard Friend, and Seafriend (collectively, "the Defendants"). Defendants argue that Plaintiff William R. Kowalski ("Kowalski") has failed to meet the requirements for obtaining a presumption of infringement under 35 U.S.C. § 295, and Defendants seek summary judgment on that issue. This motion was heard on July 18, 2008, and after careful consideration of the motion, the supporting and opposing memoranda, and arguments of counsel, Defendants' motion is hereby GRANTED.

Where a patent process is alleged to have been infringed by the importation, sale, or use of a product that is made outside of the United States, infringement shall be presumed if the court finds "(1) that a substantial likelihood exists that the product was made by the patented process, and (2) that the plaintiff has made a reasonable effort to determine the process actually used in the production of the product and was unable to so determine." 35 U.S.C. § 295. For infringement to be presumed under § 295, the patentee must show, by a preponderance of the evidence, that the requirements of § 295 have been met. Nutrivona Nutrition Specialties and Food Ingredients GmbH v. International Trade

Comm'n, 224 F.3d 1356, 1360 (Fed. Cir. 2000).  The trial court has broad discretion in deciding at what point a § 295 determination should be made.  Id.

Here, the Court finds that Plaintiff has failed to show that he "has made a reasonable effort to determine the processes actually used in the production of the product and was unable to so determine," 35 U.S.C. § 295.  Plaintiff recently inspected several of Defendants' active production facilities in the Philippines.  In addition, Plaintiff was also allowed to inspect certain retired and non-operational equipment.  Plaintiff does not contend that the terms of the discovery order were not followed on the parties recent inspection trip to the Philippines.  Nonetheless, Plaintiff argues that § 295 should be applied because Plaintiff was not given access to the now-defunct processing facilities of MGTR and Citra Mina.  Plaintiff claims that he made reasonable efforts to inspect these facilities, but was denied access by Defendants.  The Court disagrees.

The Court is well aware of the parties' tortured negotiations in setting site inspections and deposition dates.  This fact alone, however, is insufficient for Plaintiff to show that he made reasonable efforts to inspect these facilities.  While Plaintiff has pointed to several instances of Defendants' unreasonable behavior, Defendants similarly provide evidence of Plaintiff's own unreasonable and dilatory actions with respect to these inspections.  Viewing the last several years of

discovery in their totality, the Court cannot say that Plaintiff made a reasonable effort to inspect the MGTR and Citra Mina production facilities.

More importantly, Plaintiff has failed to demonstrate that not viewing these facilities means that he was "unable to determine" the processes actually used by Defendants. Plaintiff does not dispute that he has obtained adequate access to Defendants' active production facilities, and Defendants assert that regardless of whether or not Plaintiff's actions were reasonable, "earlier inspections would not have revealed new evidence" (Reply Mem. 12.) Plaintiff offers no evidence to the contrary, and fails to provide any indication of what specific information he believes he would have obtained had the site inspections taken place earlier in this litigation.

Accordingly, Defendants' request for partial summary judgment on the presumption of infringement under § 295 is hereby GRANTED. There will be no presumption that Defendants' products are produced in a manner that infringes on the Kowalski Patent.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: July 31, 2008

Kowalski v. Mommy Gina Tuna Resources, et al., Civ. No. 05-00679 BMK; Kowalski v. Citra Mina Seafood Corp.; Civ. No. 06-00182 BMK; Kowalski v. Friend; Civ. No. 05-00787 BMK; ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE BURDEN OF PROOF UNDER 35 U.S.C. § 295