IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MOMMY GINA TUNA ) <br> RESOURCES, et al. ) <br> ) <br> Defendants. ) <br> _____ ) <br> WILLIAM R. KOWALSKI ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> INTEGRAL SEAFOOD LLC, et al. ) <br> ) <br> Defendants. ) <br> _____ ) | CIV. NO. 05-00679-BMK <br> CIV. NO. 06-00182-BMK <br> (CONSOLIDATED) <br><br> ORDER DENYING <br> DEFENDANTS' MOTION TO <br> DISMISS FOR INSUFFICIENT <br> PROCESS |

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR
<u>INSUFFICIENT PROCESS</u>

Before the Court is Defendant Integral Seafood LLC's (hereinafter "Integral") Motion to Dismiss for Insufficient Process. Pursuant to Local Rule 7.2(d), the Court finds this Motion suitable for disposition without a hearing. Because Defendant Integral had actual notice of the suit and because the technical

insufficiency of service resulted in no prejudice to Defendant Integral, the Motion is DENIED.

## FACTUAL BACKGROUND

The present Motion arises from a complex course of patent litigation in the above captioned consolidated cases.  Defendant Integral was initially named in the Complaint and properly served in connection with Kowalski v. Integral Seafood, LLC, Civ. No. 06-00182 BMK (hereinafter "Kowalski v. Integral").  The case was then consolidated with Kowalski v. Mommy Gina Tuna Resources, Civ. No. 05-00679 BMK (hereinafter "Kowalski v. MGTR").  Subsequently, Integral moved to be dismissed from Kowalski v. Integral for lack of personal jurisdiction.  The Court granted Integral's Motion, dismissing Integral from Kowalski v. Integral; in the same order the Court granted Plaintiff's counter motion, joining Integral in Kowalski v. MGTR under Fed. R. Civ. P. 25(c) as a transferee of interest from the originally named parties.  It is undisputed that Integral was not served after being joined in Kowalski v. MGTR.

The consolidated cases were heard at a jury trial from November 5, 2009 to December 11, 2009.  On December 12, 2009, the jury returned a verdict finding that Defendants had wilfully infringed the Kowalski patent, rejecting Defendants' defenses that the Kowalski patent was non-enabling or invalid as

beyond the written description, and awarding Mr. Kowalski $4,488,888.60 in damages.  Defendants filed this Motion on January 16, 2009.

## ANALYSIS

A nonparty to an action joined as a transferee of interest must be served in accordance with Fed. R. Civ. P. 4.  See Fed. R. Civ. P 25(c) and 25 (a)(3).  This requirement remains in force though the transferee is a party in a consolidated case.  Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933)("consolidation . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another").

The Ninth Circuit has held that Rule 4 is a "flexible rule" requiring that a party receive sufficient notice of the claims brought against it.  Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1998).  Failure to fully comply with all technical requirements of Rule 4 does not warrant dismissal "absent a showing of prejudice."  United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984).

The parties disagree as to whether Plaintiff's failure to properly serve Integral as a party to Kowalski v. MGTR joined under 25(c) amounts to a

complete absence of service or a mere technical error.  The facts here suggest it should be treated as the latter.  It is indisputable that Integral had notice of Mr. Kowalski's suit and the claims against it.  Integral was a named and noticed party to the consolidated case of <u>Kowalski v. Integral</u>.  The same order of the Court that dismissed Integral from the one case, joined it to the other.

Furthermore, the attorneys representing Integral on this Motion were the attorneys for the named Defendants throughout this multi-year litigation.  The attorneys vigorously defended the case and in several instances took actions directly related to the interests of the parties joined under 25(c).  The attorneys never suggested that they did not represent Integral, or that Integral was not properly a party to the action.[1]  Even if Defendants' actions did not amount to a waiver of service, it is clear that Integral suffered no prejudice.  To dismiss Integral at this late stage, when Integral clearly had notice and suffered no prejudice, is contrary to the intent of the Federal Rules.  Fed. R. Civ. P. 1.

---

[1] This omission is particularly significant because attorneys for Integral did raise this issue as it relates to another of the parties joined under 25(c).  "Citra Mina Holdings is not represented by any of the attorneys for the other defendants and this motion in the name of the originally named defendants is not an appearance in any respect on behalf of Citra Mina Property Holdings."  (Def. Mot. for Protective Order to Prevent Discovery Against Mommy Gina Tuna Resources, Inc., G J Fresh LLC, Citra Mina Property Holdings, and Integral Seafood LLC 2.)

## CONCLUSION

For the foregoing reasons, Integral's Motion to Dismiss for Insufficient Process in DENIED.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: March 30, 2009

Kowalski v. Mommy Gina Tuna Resources, Civ. No. 05-00679 BMK; Kowalski v. Integral Seafood LLC; Civ. No. 06-00182 BMK; ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR INSUFFICIENT PROCESS