IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI | ) | CIV. NO. 05-00679-BMK |
| | ) | CIV. NO. 05-00787-BMK |
| Plaintiff, | ) | CIV. NO. 06-00182-BMK |
| | ) | (CONSOLIDATED) |
| vs. | ) | |
| | ) | |
| MOMMY GINA TUNA | ) | PERMANENT INJUNCTION IN |
| RESOURCES, et al. | ) | FAVOR OF WILLIAM R. |
| | ) | KOWALSKI AND AGAINST |
| Defendants. | ) | DEFENDANTS |
| _____ | ) | |
| WILLIAM R. KOWALSKI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| INTEGRAL SEAFOOD LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| WILLIAM R. KOWALSKI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD FRIEND, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

PERMANENT INJUNCTION IN FAVOR OF WILLIAM R. KOWALSKI AND
AGAINST DEFENDANTS

Plaintiff William R. Kowalski obtained a jury verdict against Defendants Mommy Gina Tuna Resources, King Tuna, Inc., Citra Mina Seafood Corporation, Integral Seafood, LLC, GJ Fresh, LLC, Mommy Gina Tuna Resources, Inc., Citra Mina Property Holdings, Inc., and Joaquin T. Lu (collectively "Defendants")[1] on December 12, 2008, for willful infringement of U.S. Patent 5,972,401 ("Kowalski patent"). In addition to damages, Mr. Kowalski sought injunctive relief. On January 16, 2009, Mr. Kowalski filed the present motion for a permanent injunction against Defendants' continued infringement of the Kowalski patent. The Court found the motion suitable for disposition without a hearing. After careful consideration of the proposed injunction and Defendants' objections, Mr. Kowalski's Motion for a Permanent Injunction is GRANTED.

ANALYSIS

The court applies a four-factor test to determine whether to grant a permanent injunction. The court considers: (1) whether the plaintiff has suffered

---

[1] Defendants Integral Seafood, LLC, GJ Fresh, LLC, Mommy Gina Tuna Resources, Inc., Citra Mina Property Holdings, Inc., joined in this action as successors in interest under Fed. R. Civ. P. 25(c), are subject to any injunction ordered by this court. Natural Resource Defense Council, Inc. v. Texaco Refining and Mktg., Inc., 2 F.3d 493, 506 (3rd Cir. 1993)("[A]n injunction against the named party will bind all successors in interest and assigns."). Defendants do not contest the applicability of equitable relief to the parties joined under Rule 25(c).

an irreparable injury, (2) whether the remedies available at law are inadequate to compensate plaintiff, (3) the balance of hardships between plaintiff and defendant, and (4) the public interest. eBay, Inc. v. MercExchange, LLC., 547 U.S. 388, 391 (2006)("These familiar principles apply with equal force to disputes arising under the Patent Act.").

Mr. Kowalski argues that continued infringement by Defendants causes him irreparable harm in two ways: (1) by depriving him of his right to exclude others from using his property, and (2) by damaging Mr. Kowalski's reputation as an inventor. (Pl. Mot. 2-7.) Defendants argue that Mr. Kowalski's reputation as an inventor is unproven and that Defendants' opinions about Mr. Kowalski's inventiveness cannot be enjoined. (Def. Opp. 8-9.) However, Mr. Kowalski's reputation is of secondary importance. Defendants fail to meaningfully respond to Mr. Kowalski's first point, that infringement represents irreparable harm to his rights as patent holder. The right to exclude is one of the basic rights of a patent holder. Id. at 392-93. The court finds that continued infringement by Defendants would irreparably harm Mr. Kowalski.

Mr. Kowalski also argues that he lacks an adequate remedy at law because monetary damages cannot fully compensate his injury. (Pl. Mot. 8.) Defendants contend that Mr. Kowalski's history of litigation and licensing in

3

relation to the Kowalski patent demonstrate that money damages are sufficient. (Def. Opp. 9-10.) Defendants' argument is unavailing. Where, as here, there is a continuing risk of future infringement, and "[b]ecause the principal value of a patent is the statutory right to exclude, the nature of the patent grant weighs against holding that monetary damages will suffice to make the patentee whole." Reebok Int'l v. J. Baker, Inc., 32 F.3d 1552, 1557 (Fed. Cir. 1994). As the patent holder, Mr. Kowalski has a right to license without having to pursue litigation, or if he chooses to produce his invention himself, he has the right to do so unhampered by infringing competitors.

   Mr. Kowalski argues that the balance of hardships and the public interest weigh in favor of granting an injunction. Mr. Kowalski contends that the damage to his financial interests caused by Defendants' infringement has been catastrophic, while Defendants' large and profitable businesses will be only minorly impacted by an injunction. (Pl. Mot. 9-10.) Mr. Kowalski also argues that the public interest factor weighs in favor of granting an injunction because there is a public interest in enforcing patent rights. Abbott Labs. v. Andrx Pharms., Inc., 452 F.3d 1331 (Fed. Cir. 2006). Defendants do not contest these points.

An analysis of the four Ebay factors shows that a permanent injunction is warranted in this case. Continued infringement by Defendants would result in irreparable harm to Mr. Kowalski that money damages alone cannot adequately compensate. Both the balance of hardships and the public interest weigh in favor of granting an injunction.

IT IS ORDERED, ADJUDGED, AND DECREED:

1.  The Court has jurisdiction over the subject matter and the parties to this action, and venue is proper in this District.

2.  Defendants Mommy Gina Tuna Resources, King Tuna, Inc., Seafriend, Citra Mina Seafood Corp, Integral Seafood, LLC, GJ Fresh, LLC, Mommy Gina Tuna Resources, Inc., Citra Mina Property Holdings, Inc., Joaquin T. Lu and Richard Friend, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are enjoined from making, using, offering to sell, selling or importing food (including but not limited to fish) treated with a process comprising:

> heating organic materials to generate smoke;
> purifying the generated smoke to reduce the components of said
>     smoke that impart smoke odor and taste at least enough so that
>     the resulting smoke does not impart smoke odor and taste to
>     meat when brought into contact with the meat;
> and treating meat with the resulting smoke.

3. Defendants Mommy Gina Tuna Resources, King Tuna, Inc., Seafriend, Citra Mina Seafood Corp, Integral Seafood, LLC, GJ Fresh, LLC, Mommy Gina Tuna Resources, Inc., Citra Mina Property Holdings, Inc., Joaquin T. Lu and Richard Friend, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are enjoined from making, using, offering to sell, selling or importing food (including but not limited to fish) treated with a process comprising:

> heating organic materials to generate smoke;
> filtering the components that impart smoke flavoring from the generated smoke at least enough so that the resulting smoke would not impart smoke flavoring to food when brought into contact with the food;
> exposing the resulting smoke to food without imparting a smoke flavor to the food.

4. Those Defendants engaged in making, selling, offering for sale or importing food (including but not limited to fish) shall label all product treated for color retention in accordance with FDA regulations, and where the product has not been treated with smoke or anything derived from smoke but has instead been treated with chemical carbon monoxide gas, such labeling shall truthfully specify that the subject product has been treated with carbon monoxide.

5. On request of plaintiff, those Defendants engaged in making, selling, offering for sale or importing food (including but not limited to fish) shall

annually certify that all importation and sales of product treated for color retention has been in compliance with the terms of this injunction.

      6. On reasonable notice to Defendants, those Defendants engaged in making, selling, offering for sale or importing food (including but not limited to fish) shall make the facilities of its supplier(s) of fish treated for color retention available to Mr. Kowalski for inspection, which inspection shall be limited to verifying that no product is being sold to Defendants in violation of this injunction.

      7. This injunction shall be effective for the duration of the Kowalski patent. In the event the United States Patent & Trademark Office or a United States federal court of competent jurisdiction in litigation in which Kowalski is a party determines that the entire Kowalski patent is invalid or that claims 1 and 67 of the Kowalski Patent are both invalid, and that decision has been upheld upon the highest possible appeal or the period for appeal has run without any appeal being filed, this injunction shall immediately be dissolved.

IT IS SO ORDERED.



/s/ Barry M. Kurren  
United States Magistrate Judge  
Dated: March 30, 2009

---

<u>Kowalski v. Mommy Gina Tuna Resources</u>, Civ. No. 05-00679 BMK; <u>Kowalski v. Citra Mina Seafood Corp</u>, Civ. No. 06-00182 BMK; <u>Kowalski v. Friend</u>; Civ. No. 05-00787 BMK; PERMANENT INJUNCTION IN FAVOR OF WILLIAM R. KOWALSKI AND AGAINST DEFENDANTS