IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI | ) | CIV. NO. 05-00679-BMK |
| | ) | CIV. NO. 05-00787-BMK |
| Plaintiff, | ) | CIV. NO. 06-00182-BMK |
| | ) | (CONSOLIDATED) |
| vs. | ) | |
| | ) | |
| MOMMY GINA TUNA RESOURCES, et al. | ) ) ) | |
| Defendants. | ) ) | |
| WILLIAM R. KOWALSKI | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| INTEGRAL SEAFOOD LLC, et al. | ) ) | |
| Defendants. | ) ) | |
| WILLIAM R. KOWALSKI | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| RICHARD FRIEND, et al. | ) ) | |
| Defendants. | ) ) | |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
<u>MOTION FOR PROPOSED STATEMENT OF REDACTION</u>

In the above captioned consolidated cases, Plaintiff William R. Kowalski obtained a jury verdict for patent infringement against Defendants Momma Gina Tuna Resources, King Tuna, Inc., Joaquin T. Lu, Richard Friend, SeaFriend and Citra Mina Seafood Corp. (collectively "Defendants") on December 12, 2008 and final judgment was entered on March 30, 2009. Defendants move the Court to redact portions of the trial transcript. Because Defendants fail to demonstrate compelling reasons sufficient to overcome the strong presumption in favor of access, Defendants' Motion for Proposed Statement of Redaction is DENIED IN PART and GRANTED IN PART.

## STANDARD OF REVIEW

There is a strong public interest in disclosure of judicial records. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006). As set forth in Kamakana, "a strong presumption in favor of access is the starting point" for the court's analysis of a motion to seal or redact. Id. at 1178. When the information in question involves the final disposition of a proceeding, the court 'must base its decision on a compelling reason and articulate the factual basis for its ruling without relying on hypothesis or conjecture." Id. at 1179. This is because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process . . . ." Id. Compelling reasons exist when the records in

question may "become a vehicle for improper purposes" however, "embarrassment, incrimination or exposure to further litigation [] without more" are not enough.  Id.  Preventing the "circulat[ion of] libelous statements, or [the] release [of] trade secrets" constitute compelling reasons under the Kamakana standard.  Id.

## ANALYSIS

Defendants argue that the trial transcript should be redacted because it contains statements libelous to Defendants.

> To create liability for defamation there must be: (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

RESTATEMENT (SECOND) OF TORTS § 558. The allegedly libelous statements relate to a particular organization and a single electronic communication that mentions this organization sent by a third party to one of the Defendants.  It is unlikely that this communication is itself defamatory.  However, even were the underlying communication defamatory, the references to this communication that appear in the trial transcript are not.  The only references in the transcript are discussions among attorneys that occurred outside the presence of the jury. These discussions all relate to the admissibility of evidence and arguments and reference the content of the communication only indirectly.  None

of these statements are defamatory because they cannot be shown to be false or to relate with specificity to any of the Defendants.  Defendants' Motion is DENIED as it relates to allegedly defamatory statements concerning a particular organization.

>  "Trade secret" means information, including a formula, pattern, compilation, program device, method, technique, or process that: (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Defendants also argue that their profit information and certain figures derived from this information disclosed at trial amount to trade secrets.

Haw. Rev. Stat. § 482B-2.

Defendants contend that as a result of disclosure of their  profit information Defendants' "competit[ors] will know exactly how much Defendants make on each sale and will be able to undercut their prices or unfairly portray Defendants in the marketplace." (Def. Mot. 4.)  Notwithstanding this assertion, it is unclear how Defendants' profit information alone has "independent economic value" or how publication would allow competitors to undercut Defendants' prices or impact Defendants' reputation in the marketplace.  Even if the profit information could be deemed a trade secret, Defendants have not made reasonable efforts to "maintain

its secrecy." The profit information was freely and widely published to the jury throughout the trial. The profit information was discovered by Plaintiff by "viewing publicly available files" in another legal case involving Defendants. (Pl. Opp. 7.) Other figures are derived from the profit information or come from Plaintiff's own records. Because there is no compelling reason for the Court to redact information of this type, Defendants' Motion is DENIED as it relates to Defendants' profit information.

Defendants are correct that including an individual's full birth date in court documents is improper. Fed. R. Civ. P. 5.2(a)(2). Therefore, as it relates to Mr. Lu's birth date, Defendants' Motion is GRANTED.

## CONCLUSION

For the foregoing reasons, Defendants' Motion For Proposed Statement Of Redaction is DENIED IN PART and GRANTED IN PART. The Court Reporter is directed to redact Document No. 715, the transcript of day five of the trial, November 17, 2008, at page 5-109, line 6 to remove the month and day of Defendant Mr. Lu's birth.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, April 29, 2009.



      /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Kowalski v. Mommy Gina Tuna Resources, Civ. No. 05-00679 BMK; Kowalski v. Citra Mina Seafood Corp, Civ. No. 06-00182 BMK; Kowalski v. Friend; Civ. No. 05-00787 BMK;Order Denying Defendants' Motion for Proposed Statement of Redaction