IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI | ) | CIV. NO. 05-00679-BMK |
| | ) | CIV. NO. 05-00787-BMK |
| Plaintiff, | ) | CIV. NO. 06-00182-BMK |
| | ) | (CONSOLIDATED) |
| vs. | ) | |
| | ) | |
| MOMMY GINA TUNA RESOURCES, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| WILLIAM R. KOWALSKI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| INTEGRAL SEAFOOD LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| WILLIAM R. KOWALSKI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD FRIEND, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

CLARIFICATION OF PERMANENT INJUNCTION

Defendants Momma Gina Tuna Resources, King Tuna, Inc., Joaquin T. Lu, Richard Friend, SeaFriend and Citra Mina Seafood Corp. (collectively "Defendants") filed the present Motion For Reconsideration And Clarification Of Permanent Injunction on April 8, 2009. The Court deemed the motion suitable for disposition without a hearing in accordance with Local Rule 7.2(d). After careful consideration of the Motion, memoranda supporting and opposing the Motion and the relevant law, the terms of the injunction are clarified as set forth below.

## BACKGROUND

In the above captioned consolidated cases, Plaintiff William R. Kowalski obtained a jury verdict for patent infringement against Defendants on December 12, 2008. On January 16, 2009, Mr. Kowalski moved the Court for a permanent injunction (hereinafter "Plaintiff's Injunction Motion"). On January 30, 2009, Defendants filed their memorandum in opposition to Mr. Kowalski's proposed injunction (hereinafter "Defendants' Opposition to Injunction"). Much of Defendants' Opposition to Injunction was devoted to arguing that Mr. Kowalski is not entitled to an injunction of any kind. (Defendants' Opp. To Injunction 8-11.) The only objection Defendants raised to the specific language of the proposed injunction was that a section prohibiting Defendants from using the "same fish treatment process . . .that was used on the fish . . . before trial in this action" was

vague and overbroad. ( Id. at 6-8.) Defendants' objections were duly considered by the Court and the objectionable language was omitted from the Permanent Injunction issued on March 30, 2009.

## ANALYSIS

Reconsideration of an order of the court is proper when new facts or circumstances come to light that could not have been discovered earlier or when a manifest error of fact or law has been committed. Fed. R. Civ. P. 59(e); LR 60.1. A reconsideration motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters. v. Estate of Bishop, 229 F. 3d 877, 890 (9th Cir. 2000). The issues raised by Defendants in this motion could and should have been raised in Defendants' Opposition to Injunction. This is especially true because the language of the injunction is nearly identical to that of the injunction issued in the case of William R. Kowalski, et al. v. Ocean Duke Corp., CV 04-00055, April 30, 2008 (Order Granting Permanent Injunction). Defendants and their counsel were intimately familiar with the Ocean Duke case and no objections were ever raised to the injunction issued in that case.

The Court also rejects the contention that the injunction, as worded, contains manifest errors of fact or law. While the Defendants accurately state that

activity outside the United States cannot be enjoined, this does not render the injunction invalid. An injunction against patent infringement is to be read in light of the specific dispute from which it arose, as well as in the context of broader legal doctrine. See KSM Fastening Sys., Inc. v. H.S. Jones Co., 776 F. 2d 1522, 1526-27 (Fed. Cir. 1985). If, under the current wording of the injunction, a contempt action were brought based on activity outside the United States, such action could be dismissed expeditiously without invalidating the injunction.

Notwithstanding the above, the Court finds that clarification of the injunction is prudent. An amended Judgment In A Civil Case shall be entered by the Clerk of Court. This clarification should in no way be construed to mean that the Permanent Injunction entered on March 30, 2009 was delayed, void or unenforceable as properly construed. The Court hereby clarifies the permanent injunction in favor of Mr. Kowalski as follows (clarifications emphasized).

IT IS ORDERED, ADJUDGED, AND DECREED:

1. The Court has jurisdiction over the subject matter and the parties to this action, and venue is proper in this District.

2. Defendants Momma Gina Tuna Resources, King Tuna, Inc., Seafriend, Citra Mina Seafood Corp, Integral Seafood, LLC, GJ Fresh, LLC,

Mommy Gina Tuna Resources, Inc., Citra Mina Property Holdings, Inc., Joaquin T. Lu and Richard Friend, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are enjoined from making, using, offering to sell **or** selling **within the United States**, or importing **into the United States**, food (including but not limited to fish) treated with a process comprising:

> heating organic materials to generate smoke;
> purifying the generated smoke to reduce the components of said smoke that impart smoke odor and taste at least enough so that the resulting smoke does not impart smoke odor and taste to meat when brought into contact with the meat;
> and treating meat with the resulting smoke.

3.  Defendants Momma Gina Tuna Resources, King Tuna, Inc., Seafriend, Citra Mina Seafood Corp, Integral Seafood, LLC, GJ Fresh, LLC, Mommy Gina Tuna Resources, Inc., Citra Mina Property Holdings, Inc., Joaquin T. Lu and Richard Friend, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are enjoined from making, using, offering to sell **or** selling **within the United States**, or importing **into the United States**, food (including but not limited to fish) treated with a process comprising:

       heating organic materials to generate smoke;
       filtering the components that impart smoke flavoring from the generated smoke at least enough so that the resulting smoke would not impart smoke flavoring to food when brought into contact with the food;
       exposing the resulting smoke to food without imparting a smoke flavor to the food.

    4. Those Defendants engaged in making, selling **or** offering for sale **within the United States**, or importing **into the United States**, food (including but not limited to fish) shall label all product treated for color retention in accordance with FDA regulations, and where the product has not been treated with smoke or anything derived from smoke but has instead been treated with chemical carbon monoxide gas, such labeling shall truthfully specify that the subject product has been treated with carbon monoxide.

    5. On request of plaintiff, those Defendants engaged in making, selling **or** offering for sale **within the United States**, or importing **into the United States**, food (including but not limited to fish) shall annually certify that all importation and sales of product treated for color retention has been in compliance with the terms of this injunction.

    6. On reasonable notice to Defendants, those Defendants engaged in making, selling **or** offering for sale **within the United States**, or importing **into the United States**, food (including but not limited to fish) shall make the facilities

of its supplier(s) of fish treated for color retention available to Mr. Kowalski for inspection, which inspection shall be limited to verifying that no product is being sold to Defendants in violation of this injunction.

      7.  This injunction shall be effective for the duration of the Kowalski patent.  In the event the United States Patent & Trademark Office or a United States federal court of competent jurisdiction in litigation in which Kowalski is a party determines that the entire Kowalski patent is invalid or that claims 1 and 67 of the Kowalski Patent are both invalid, and that decision has been upheld upon the highest possible appeal or the period for appeal has run without any appeal being filed, this injunction shall immediately be dissolved.

      IT IS SO ORDERED.

      Dated: Honolulu, Hawaii, May 6, 2009



      /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Kowalski v. Mommy Gina Tuna Resources, Civ. No. 05-00679 BMK; Kowalski v. Citra Mina Seafood Corp, Civ. No. 06-00182 BMK; Kowalski v. Friend; Civ. No. 05-00787 BMK; CLARIFICATION OF PERMANENT INJUNCTION