IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI ) | CIV. NO. 05-00679-BMK |
| ) | CIV. NO. 05-00787-BMK |
| Plaintiff, ) | CIV. NO. 06-00182-BMK |
| ) | (CONSOLIDATED) |
| vs. ) | |
| ) | |
| MOMMY GINA TUNA ) | |
| RESOURCES, et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| WILLIAM R. KOWALSKI ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| INTEGRAL SEAFOOD LLC, et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| WILLIAM R. KOWALSKI ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RICHARD FRIEND, et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO
REGISTER JUDGMENT PURSUANT TO 28 U.S.C. § 1963

In the above captioned consolidated cases, Plaintiff William R. Kowalski obtained a jury verdict for patent infringement against Defendants Momma Gina Tuna Resources, King Tuna, Inc., Joaquin T. Lu, Richard Friend, SeaFriend  and Citra Mina Seafood Corp. (collectively "Defendants") on December 12, 2008.   Final Judgment was entered on March 31, 2009.  An Amended Final Judgment was entered on May 7, 2009.  Mr. Kowalski now moves for leave to register the judgment in a number of foreign judicial districts pursuant to 28 U.S.C. § 1963.  Because he demonstrates good cause for registration, Mr. Kowalski's Motion is GRANTED.

STANDARD OF REVIEW

"A judgment in action for the recovery of money or property entered in any . . . district court" may be registered in any other district after all opportunity for appeal has been exhausted "or when ordered by the court that entered the judgment for good cause shown."  28 U.S.C. § 1963 (hereinafter "section 1963").  Good cause exists when a judgment holder shows "an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum."  Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc., 259 F.3d 1186, 1197-98 (9th Cir. 2001).  The commentary to the 1988 amendment of section 1963 further describes the good cause requirement:

2

"[t]he court should have leeway under this new provision to permit the regulation on a lesser showing – a mere showing that the defendant has substantial property in the other district and insufficient [property] in the rendering district to satisfy the judgment." Woodward & Dickerson v. Kahn, 1993 WL 106129, *2 (S.D.N.Y. 1993)(quoting Siegel, Commentary on 1988 Revision, 28 U. S. C. § 1963 (West Supp. 1992)).

The initial burden of production is on the judgment holder to show good cause.  However, once this minimal burden is met, failure by the judgment debtor to affirmatively dispute either  (1) the absence of sufficient assets in the judgment district, or (2) substantial property in other districts is sufficient to support a finding of good cause.  Columbia Pictures Television, 259 F.3d at 1198; see also Owen v. Sound View Financial Group, Inc., 71 F. Supp. 2d 278, 279 (S.D.N.Y. 1999)("In the absence of contrary evidence, the affidavit in support of the judgment creditors' motion should be presumed true. . . .[The judgment debtor's] careful failure to controvert any of these facts permits acceptance thereof for purposes of this motion.").

Plaintiff offers evidence that at least some assets of Defendants are present in each of the districts in which registration is sought.  (Pl. Mot., Ex A-F.) In response, Defendants never state, much less offer any evidence, that they have

sufficient assets in the judgment district, or that they lack substantial assets in any of the foreign judicial districts in which Plaintiff seeks registration.  Instead, Defendants attack the sufficiency of Plaintiff's evidence, and the substantiality of any assets that may be present.[1]  (Def. Opp. 9-15.)  However, as the prevailing party, Plaintiff is not obliged to produce details of Defendants' finances or evidence that would have been admissible at trial; the standard is a "mere showing" of good cause.  In the absence of any affirmative statement by Defendants disputing the substance of Plaintiff's evidence, further inquiry is unnecessary. Columbia Pictures Television, 259 F.3d at 1198.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion For Leave To Register Judgment Pursuant To 28 U.S.C. § 1963 is GRANTED.  The Court hereby orders that the Final Judgment entered on March 31, 2009, as amended by the Amended Final Judgment entered on May 7, 2009, may be registered in the following United States district courts:

1.   Central District of California

2.   Northern District of California

---

[1]  Defendants emphasize that Plaintiff produced no evidence at trial related to Defendants' assets in foreign judicial districts.  Defendants' argument ignores the fact that this matter arose only after judgment, and that such evidence would have been irrelevant to the issues to be proved at trial.

4

3.      Southern District of California

4.      District of Connecticut

5.      District of Delaware

6.      District of the District of Columbia

7.      Middle District of Florida

8.      Southern District of Florida

9.      Northern District of Georgia

10.     Northern District of Iowa

11.     District of Massachusetts

12.     Eastern District of Michigan

13.     District of Minnesota

14.     District of New Jersey

15.     Eastern District of New York

16.     Southern District of New York

17.     District of Oregon

18.     District of South Carolina

19.     Western District of Texas

20.     Southern District of Texas

21.     Western District of Washington

22.     Eastern District of Wisconsin.


        IT IS SO ORDERED.

        Dated: Honolulu, Hawaii, May 19, 2009.




                                          _/S/ Barry M. Kurren_____
                                          Barry M. Kurren
                                          United States Magistrate Judge


Kowalski v. Mommy Gina Tuna Resources, Civ. No. 05-00679 BMK; Kowalski v. Citra
Mina Seafood Corp, Civ. No. 06-00182 BMK; Kowalski v. Friend; Civ. No. 05-00787
BMK; AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO
REGISTER JUDGMENT PURSUANT TO 28 U.S.C. § 1963