IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI | ) | CIV. NO. 05-00679-BMK |
| | ) | CIV. NO. 05-00787-BMK |
| Plaintiff, | ) | CIV. NO. 06-00182-BMK |
| | ) | (CONSOLIDATED) |
| vs. | ) | |
| | ) | |
| MOMMY GINA TUNA RESOURCES, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| WILLIAM R. KOWALSKI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| INTEGRAL SEAFOOD LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| WILLIAM R. KOWALSKI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD FRIEND, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFF'S REQUEST FOR TAXATION OF COSTS

After a jury trial, Defendants Momma Gina Tuna Resources, King

Tuna, Inc., Joaquin T. Lu, Richard Friend, SeaFriend and Citra Mina Seafood Corp. (collectively "Defendants") were found liable for infringement of a patent owned by William R. Kowalski. Final Judgment was entered on March 31, 2009, as amended on May 7, 2009. Mr. Kowalski submitted his bill of costs on April 30, 2009. Defendants filed an opposition to Plaintiff's bill of costs on May 11, 2009. Mr. Kowalski filed a response to Defendants' objections on May 18, 2009. Because Plaintiff's bill of costs is reasonable, adequately supported and sufficiently specific, Plaintiff's Request For Taxation Of Costs is GRANTED.

## STANDARD OF REVIEW

Costs are granted as a matter of course under both the Local Rules and the Federal Rules. "Costs shall be taxed as provided in Rule 54(d)(1) of the Federal Rules of Civil Procedure. The party entitled to costs shall be the prevailing party in whose favor judgment is entered . . . ." L.R. 54.2(a). Unless otherwise provided by statute or the rules, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1). "The Bill of Costs must state separately and specifically each item of taxable costs claimed. It must be supported by a memorandum setting forth the grounds and authorities supporting the request and an affidavit that the costs claimed are correctly stated, necessarily incurred, and are allowable by law." L.R.

54.2(c).

## ANALYSIS

As a preliminary matter, the Court notes that Mr. Kowalski was unquestionably the prevailing party in this case. Mr. Kowalski prevailed on the central issues of the case: infringement and patent validity. Defendants do not contest that Plaintiff prevailed.

Defendants raise several objections to Mr. Kowalski's bill of costs. Defendants contend that Mr. Kowalski failed to comply with the requirement that he meet and confer with Defendants on costs. L.R. 54.2(c). The Court agrees that greater efforts could have been made to reach agreement on costs. However, Mr. Kowalski did minimally comply with the requirements of the Local Rules. Furthermore, given the ofttimes acrimonious relations between the parties, additional consultations were unlikely to have yielded agreement. Any reduction or elimination of costs on this basis is unwarranted.

Defendants contend that, because all claims for monetary damages against Richard Friend and Seafriend (hereinafter "Friend Defendants") were voluntarily dismissed before trial, it is improper for Mr. Kowalski to claim costs for the Friend Defendants. Defendants' argument is misguided. On October 28, 2008, shortly before the start of trial, the Court granted Mr. Kowalski's Motion

dismissing "all claims for monetary damages against Friend and Seafriend." (Order Granting Plaintiff's Motion To Consolidate Cases For Trial And To Dismiss Claims Against Richard Friend And Seafriend 9-10.)  By its plain language, the order only relates to monetary damages, not to costs; the majority of Plaintiff's costs had already accrued by the time the claims against the Friend Defendants were dismissed.  More importantly, the Friend Defendants were never dismissed as parties.  The Friend Defendants maintained their affirmative defenses to patent validity at trial and were potentially subject to any equitable relief granted in favor of Mr. Kowalski.  Costs related to the Friend Defendants are proper.

        Defendants also challenge the taxation of costs related to Mr. Kowalski's expert witness, Gary Underwood.  Mr. Underwood never testified at trial, but was available to testify.  Mr. Kowalski avers that he fully intended to call Mr. Underwood, but subsequently made a determination that his testimony was not necessary.  This situation is similar to that in Quy v. Air America, a case cited by both parties.  In Quy, the Federal Circuit approved costs for a witness who was never called to testify.  Quy v. Air America, 667 F.2d 1059, 1061 (Fed. Cir. 1981)("As it turned out, however, plaintiffs' counsel determined during trial that their proofs were adequate without the testimony of [the witness].").  It would create a perverse incentive to waste judicial resources if parties were penalized for

a good faith determination that a particular witnesses' testimony has been obviated during the course of trial. Costs related to Mr. Underwood are proper.

Defendants also challenge the expenses Mr. Kowalski claims for effecting service.  However, Mr. Kowalski has provided ample evidence that serving all Defendants involved considerable challenges, largely as the result of Defendants' uncooperativeness.  Defendants' objections to Mr. Kowalski's claimed costs for transcripts, copying and the deposition of Mr. Underwood taken in San Francisco are likewise unavailing.  These costs are sufficiently documented and supported.  Moreover, given that this complex course of litigation, which involved parties on the mainland and in the Philippines, spanned more than three years, Mr. Kowalski's total request for costs is reasonable, if not relatively modest.

## CONCLUSION

For the foregoing reasons, Plaintiff's Request For Taxation Of Costs is GRANTED.

DATED: Honolulu, Hawaii, June 9, 2009.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

<u>Kowalski v. Mommy Gina Tuna Resources</u>, Civ. No. 05-00679 BMK; <u>Kowalski v. Citra Mina Seafood Corp</u>, Civ. No. 06-00182 BMK; <u>Kowalski v. Friend</u>; Civ. No. 05-00787 BMK; ORDER GRANTING PLAINTIFF'S REQUEST FOR TAXATION OF COSTS